# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Jeffrey L. McMILLEN,
### Damage Controlman Second Class (E-5), U.S. Coast Guard

## CGCMS 24281

## Docket No. 1219

## 4 November 2005

Special Court-Martial convened by Commander, Ninth Coast Guard District. Tried at Milwaukee, Wisconsin, on 10 May 2004.

| | |
|---|---|
| Military Judge: | CDR Elisabeth A. Pepper, USCG |
| Trial Counsel: | LT Ted R. Fowles, USCGR |
| Defense Counsel: | LT Kathryn Tinich, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL NINE
## BAUM, McCLELLAND, & TEAL
### Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a lawful general order by wrongfully bringing an unauthorized firearm onto a federal facility, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of willfully damaging military property of the United States, by damaging the Coast Guard sign at the entrance to his unit's moorings in violation of Article 108, UCMJ; one specification of willfully and wrongfully damaging a vehicle, the property of Commanding Officer, USCGC MACKINAW (WAGB 83), by firing bullets into the door and tire in violation of Article 109, UCMJ; and one specification of drunk and disorderly conduct of a nature to bring discredit upon the armed forces, in violation of Article 134, UCMJ. The military judge

sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of $500 pay per month for six months, and reduction to E-1.

The Convening Authority approved only so much of the sentence as includes a bad-conduct discharge, confinement for five months, and reduction to E-3, which was within the terms of the pretrial agreement. He also waived automatic forfeitures for six months, as called for by the plea bargain. Additionally, the Convening Authority in his action purported to suspend for six months the adjudged forfeitures of $500 per month for six months, as required by the pretrial agreement, but, since he had neglected to first approve the forfeitures, there were no approved forfeitures to suspend. The designated period of that suspension has run so there is no residual potential prejudice from that erroneous action, unless an attempt was made to vacate the purported suspension. To ensure no prejudice from this feckless suspension, we shall order return of any erroneously forfeited pay.

Before this Court, Appellant has assigned the following three errors, which are summarily rejected: (1) that Charge V constitutes an unreasonable multiplication of charges, (2) that the military judge committed plain error by admitting and considering evidence of a prior non-judicial punishment, and (3) that the pretrial agreement is unclear as to the amount of restitution to be paid.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that no forfeitures were approved by the Convening Authority. The findings and sentence, as approved, are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. If any forfeitures were erroneously deducted from Appellant's pay, reimbursement is hereby ordered.

For the Court,



Roy Shannon Jr.
Clerk of the Court